Ross, C. J.
The appellee asks that this appeal be dismissed for the following reasons, viz.:
“1st. The appellant, The American Straw Board Company, is not the real party in interest herein.
“2d. This appeal is not being prosecuted by the American Straw Board Company, but, on the contrary, is being prosecuted by the Fidelity Casualty Company, an insurance company of Detroit, Michigan, which said appeal is so being prosecuted by the said insurance company for its own benefit in the name of the said American Straw Board Company, and not otherwise.
“3d. In the event the appellant shall seek to deny or contradict the showing made and facts stated in the affidavit of appellee, filed herewith, then the appellee prays that this honorable court will appoint a commissioner herein with power and authority to take the testimony in respect to the question raised by this motion, wherein the appellee may and shall have the privilege of cross- *639 examination of any and all witnesses or parties that may be produced on behalf of the appellant herein, and that the court will order that the appellant shall produce to such commissioner any and all documents or insurance policies connected with the contracts referred to in the affidavit herein filed, or any other paper that such commissioner may deem it proper to produce.”
In support of the second cause contained in the motion is filed the affidavit of the appellee.
T.he appellant has filed what it denominates a “motion to strike out and reject appellee’s motion to dismiss.”
We deem it unnecessary to state the reasons embraced in this latter motion.
The record before us shows that on the 12th day of March, 1894, the appellee, Rolla M. Faust, filed his amended complaint in the court below against the appellant, The American Straw Board Company, to recover damages for personal injuries sustained by him while in its employ. Upon a trial of the cause, appellee recovered a verdict against the appellant for $2,500, upon which the court, rendered judgment.
In this court the assignment of errors is made by the “American Straw Board Company,” as appellant, the party against whom the judgment was rendered in the court below. There is also a joinder in error by the appellee.
The assignment of errors is the appellant’s complaint in this court, and upon it issue is joined.
Upon an appeal to this court from the judgment of a lower court, the questions which can be presented for review by the assignment of errors are only such as appear on the face of the record as filed in this court. There are questions of fact which arise subsequent to the rendition of the.judgment appealed from, which it is sometimes necessary for this court to hear and determine, but *640 whether or not the judgment defendant prosecutes an appeal for his own benefit or for the benefit of one who has indemnified him, is not such a question as can be heard or determined by this court. No one could take an appeal to this court from the judgment of the court below except the American Straw Board Company, and it haying taken the appeal and filed its assignment of errors, its motive for so doing can not be questioned. Had an appeal been taken in its name without its knowledge or consent, and these facts had been shown in support of appellee’s motion, there might be some merit in the motion to dismiss the appeal. On the contrary, it is shown by the affidavit filed in support of appellee’s motion that the appeal was taken by the American Straw Board Company, and the bond on appeal given to stay the judgment, executed by it as principal.
Filed Jan. 17, 1895.
Upon appellee’s own showing,-the motion will have to be overruled.